UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE M. MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-CV-108 JD |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the Commissioner's motion to reverse his final decision and remand this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (DE 20.) While the Commissioner's initial motion did not give a specific reason for the requested reversal and remand, he has since stated in his reply that he believes the request is warranted "because the ALJ failed to properly consider Plaintiff's needs to elevate her legs or use the bathroom." (DE 22.) Plaintiff Michelle Meyer opposes the motion, arguing that further proceedings are not necessary. Ms. Meyer requests that the Court instead reverse the Commissioner's decision and direct the Commissioner to award benefits because the ALJ assigned to her case did not properly evaluate the opinion of one of her physicians, Dr. Ungar-Sargon. (DE 21.)

Under sentence four of § 405(g), the Court can affirm, modify, or reverse the Commissioner's decision with or without remanding the case for further proceedings. *See* 42 U.S.C. § 405(g). The decision whether to remand for further proceedings or award benefits is within the Court's discretion. *See Allord v. Astrue*, 631 F.3d 411, 415–16 (7th Cir. 2011) (citing *Nelson v. Apfel*, 210 F.3d 799, 802 (7th Cir. 2000)). The Seventh Circuit has held that when an

ALJ's decision is not supported by substantial evidence, a remand for further proceedings is the appropriate remedy unless the evidence before the Court compels an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits is only appropriate "where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (internal quotation marks omitted). Thus, it is appropriate for a court to remand for additional proceedings instead of directly awarding benefits when a record includes "some evidence that could be read to undermine [the plaintiff's] claim." *Israel v. Colvin*, 840 F.3d 432, 442 (7th Cir. 2016).

While the Commissioner admits there are flaws in the ALJ's opinion that warrant reversal and remand, he argues that the record does not support a direct award of benefits. (DE 22.) The Court agrees for two reasons. First, there is some evidence that the ALJ mentions in her decision that could be read to undermine Ms. Meyer's claim for disability. The evidence includes several medical reports that show Ms. Meyer had only minimal bulging discs in her spine (R. 731, 732, 787), a more recent EMG and CT scan of Ms. Meyer's lumbar spine that showed normal results (R. 1437–41), and relatively recent physician notes indicating Ms. Meyer's pain was manageable on decreased medication (R. 906–07, 910–13). Second, even if the ALJ improperly discounted Dr. Ungar-Sargon's medical opinion, the Court could not engage in the required reweighing of evidence necessary to grant Ms. Meyer's request for benefits. If the Court wanted to award benefits based on Dr. Ungar-Sargon's opinion, it would have to weigh Dr. Ungar-Sargon's opinion both on its own and in relation to the rest of the evidence in the record to find that the record could only support the conclusion that Ms. Meyer is disabled. It would be improper for the Court to do so and substitute its judgment for that of the Commissioner. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) ('[W]e review the entire administrative

record, but do not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner."). Therefore, the Court finds it appropriate to GRANT the Commissioner's motion to reverse and remand (DE 20) instead of directing an award of benefits.

The Court REVERSES the final decision of the Commissioner of Social Security denying Ms. Meyer's application for social security benefits and REMANDS this case to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Court does not intend to limit the Commissioner's consideration or development of the record on remand but specifically instructs the Commissioner to consider Ms. Meyer's need to elevate her legs and use the bathroom, as noted in the Commissioner's reply. (DE 22.) The Court DIRECTS the Clerk of Court to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED: December 30, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court